HENRY CHUMLEY V. THE STATE.

No. 3440.   Decided February 24, 1915.

**1.—Local Option—Indictment—Grand Jury—Motion for New Trial.**

Where the motion that the attorney who represented the State was one of the grand jury panel which found the indictment against the defendant was not sworn to by any one, it presented no error.

**2.—Same—Sufficiency of the Evidence—Charge of Court.**

Where defendant claimed that he acted merely as the agent of the purchaser and denied making a sale, and these issues were submitted to the jury and the evidence was sufficient to sustain a conviction, there was no reversible error.

Appeal from the County Court of Sabine. Tried below before the Hon. J. B. Lewis.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for making an illegal sale of intoxicating liquors in said county after pro-

hibition was in force as a misdemeanor and his punishment assessed at the lowest prescribed by law.

Appellant has a bill of exceptions to the overruling of his motion for a new trial. The motion was based on these grounds: First that the attorney who represented the State in this case was one of the grand jury panel which found the indictment against appellant. This is in no way substantiated other than by merely a ground of the motion for new trial signed by his attorney and not sworn to by anyone. It presents no error. Second, he claims the verdict is contrary to the law. Third, he claims the verdict is contrary to the evidence and not supported by it. And, fourth, he claims the defendant's defense was that he acted as agent merely for the purchaser, and did not make the sale of intoxicating liquor. All these questions were properly submitted by a charge as favorably to him as the law would authorize and the jury found against him. There is ample and positive testimony that he made the sale alleged and the evidence is amply sufficient to sustain the verdict. The judgment is, therefore, affirmed.

*Affirmed.*